Rachel E. Kaufman (CA Bar No. 259353)
rachel@kaufmanpa.com
Avi R. Kaufman (*Pro hac vice*)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff Judson and all others similarly situated*
(Additional counsel appearing on signature page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PARAMJIT LALLI,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **FIRST TEAM REAL ESTATE – ORANGE COUNTY,** a California corporation, <br><br> *Defendant*. | Case No. 8:20-cv-00027-JWH-ADS <br><br> **PLAINTIFF'S NOTICE OF MOTION, UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND INCORPORATED MEMORANDUM OF LAW** <br><br> Date: Friday, March 5, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 2 <br> Judge: Hon. John W. Holcomb |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 5, 2021, at 9:00 a.m. PST, or as soon thereafter as this matter may be heard, in Courtroom 2, of the United States District Court for the Central District of California, located at the George E. Brown,

1

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501, before the Honorable Judge John W. Holcomb, Plaintiff Paramjit Lalli, on behalf of himself and a class of similarly situated persons, with the consent of Defendant First Team Real Estate, will and hereby does move the Court, by and through his counsel, for entry of an order preliminarily approving the class action settlement set forth in the Parties' Settlement Agreement ("Settlement" or "Agreement"), certifying a class for settlement purposes, and providing for issuance of Notice to the Settlement Class.[1] This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Avi R. Kaufman (including exhibits attached thereto), all pleadings, records and papers on file, and such other matters that may be presented to the Court.

Respectfully submitted,

Dated: February 5, 2021

*/s/ Rachel E. Kaufman*
Rachel E. Kaufman
Avi R. Kaufman
KAUFMAN P.A.

---

[1] The Agreement is attached as Exhibit 1. All capitalized terms used herein have the same definitions as those defined in the Agreement.

2

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

## **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................... 1

II. BACKGROUND ..................................................................................... 2

   a. The Telephone Consumer Protection Act ...................................... 2

   b. Procedural History and Facts ......................................................... 3

III. SUMMARY OF THE SETTLEMENT TERMS.................................. 5

   a. The Settlement Class ...................................................................... 5

   b. Settlement Consideration ............................................................... 6

   c. Settlement Administrator ............................................................... 6

   d. The Notice Plan............................................................................... 7

   e. Opt-Out and Objection Procedures ............................................... 8

   f. Release of Claims ........................................................................... 9

   g. Claims Process and Calculation of Approved Claim Payments ................... 9

   h. Distribution of Settlement Fund..................................................... 9

   i. Class Counsel Fees and Expenses and Plaintiff's Service Award ............... 10

IV. THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL ............ 11

   a. The Legal Standard for Preliminary Approval.............................. 11

   b. The Settlement Satisfies the Criteria for Preliminary Approval................. 12

      i. The Settlement Agreement is the Product of Serious, Informed and Arm's Length Negotiations.................................................... 13

      ii. There Are No Obvious Deficiencies in the Settlement...................... 14

      iii. The Settlement Provides No Preferential Treatment ........................ 15

      iv. The Settlement Is Within the Range of Possible Approval .............. 15

   c. Certification of the Settlement Class is Appropriate .................... 18

   d. The Court Should Approve the Proposed Notice Plan ................. 21

i

1

V. PROPOSED SCHEDULE OF EVENTS ........................................................... 22

VI. CONCLUSION ............................................................................................... 23

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997).....................................11, 18

*Barr v. Am. Assn. of Political Consultants, Inc.*, 591 U.S. ___, (July 6, 2020) ........5

*Boring v. Bed Bath & Beyond of Cal. LLC*, No. 12-cv-05259-JST, 2013 U.S. Dist.
   LEXIS 165909 (N.D. Cal. Nov. 21, 2013)...........................................................13

*Brown v. Cvs Pharmacy, Inc.*, No. CV15-7631 PSG (PJWx), 2017 U.S. Dist.
   LEXIS 182309 (C.D. Cal. Apr. 24, 2017)............................................................15

*Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2019 U.S. Dist. LEXIS
   50817 (N.D. Cal. Mar. 26, 2019) ........................................................................16

*Creasy v. Charter Communs., Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798
   (E.D. La. Sep. 28, 2020)........................................................................................5

*De Cabrera v. Swift Beef Co.*, No. EDCV 18-2551 PSG (Ex), 2020 U.S. Dist.
   LEXIS 164615 (C.D. Cal. June 25, 2020)............................................................12

*De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2019 U.S. Dist. LEXIS 204442
   (N.D. Cal. Nov. 25, 2019) ...............................................................................12, 15

*Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS (CKD),  2015 U.S. Dist. LEXIS
   137299 (E.D. Cal. Oct. 6, 2015).........................................................................17

*Facebook, Inc. v. Duguid*, No. 19-511 (U.S.).......................................................3, 4

*Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir. 2013) ..................................3

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) ................................20

*Ikuseghan v. Multicare Health Sys.*, No. C 14-5539 BHS, 2015 U.S. Dist. LEXIS
   99175 (W.D. Wash. July 29, 2015).......................................................................20

*In re American Int'l Group, Inc. Secs. Litig.*, 689 F.3d 229 (2d Cir. 2012)............18

*In re Capital One TCPA Litig*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) ......................17

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) .......12, 15

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

*Isby v. Bayh*, 75 F.3d 1191 (7th Cir. 1996)................................................................16

*Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694 (S.D. Fla. 2018).........21

*Kuck v. Berkey Photo, Inc.*, 87 F.R.D. 75 (S.D.N.Y. 1980) ....................................16

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978).................20

*Moshogiannis v. Sec. Consultants Grp., Inc.*, No. 5:10-cv-05971 EJD, 2012 U.S.
    Dist. LEXIS 16287 (N.D. Cal. Feb. 8, 2012).................................................13

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ......................22

*National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004)..16

*Ross v. A.H. Robins Co.*, 700 F. Supp. 682 (S.D.N.Y. 1988)..................................12

*Torres v. Mercer Canyons, Inc.*, 835 F.3d 1125 (9th Cir. 2016)............................21

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).............................................19

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005)..................11

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010) ...........20

**Statutes**

Fed. R. Civ. P. 23 ......................................................................................... *passim*

Telephone Consumer Protection Act, 47 U.S.C. § 227 ................................... *passim*

**Other Authorities**

137 Cong. Rec. 30,821 (1991).................................................................................2

 Manual for Compl. Litig. §§ 21.312, 21.632. 21.633 (4th ed. 2004).............. 18, 22

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The Settlement Agreement establishes a Settlement Fund in the amount of $478,500 for the benefit of the Settlement Class.  Defendant has also agreed to injunctive relief consisting of the provision of a Telephone Consumer Protection Act related notice and policy to all of Defendant's realtors. If approved, the Settlement will bring an end to what has otherwise been, and likely would continue to be, hard-fought litigation centered on unsettled legal questions, including regarding the constitutionality of the Telephone Consumer Protection Act and the contours of what constitutes an automatic telephone dialing system.

This motion seeks the entry of an order providing for, among other things:

1.  Preliminary Approval of the Settlement;

2.  Preliminary certification of the Settlement Class and appointment of Plaintiff as Class Representative and Kaufman P.A. as Class Counsel;

3.  Approval of the Settlement Administrator;

4.  Approval of the Notice program describing: (a) the Settlement and the Settlement Class Members' rights with respect to the Settlement; (b) the proposed Release of claims; (c) Class Counsel's request for attorneys' fees and expenses and a Service Award for the Class Representative; and (d) the procedures for opting-out of and for objecting to the Settlement.

5.  Approval of the Claims process; and

6.  The scheduling of a Final Approval Hearing to consider Final Approval of the Settlement.

The Parties' proposed Settlement is exceedingly fair and well within the range of Preliminary Approval for several reasons. *See* Declaration of Avi R.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kaufman (attached as Exhibit 2) at ¶ 2. First, it provides immediate monetary and injunctive relief for Settlement Class Members where their recovery, if any, would otherwise be uncertain. *Id*. Second, the Settlement was reached only after effectively completing discovery, including extensive third party discovery, expert discovery, numerous depositions, and informal discovery concerning Defendant's financial condition, fully briefing class certification, and engaging in extensive arm's-length negotiations, including a full-day mediation before mediator Hon. Andrew J. Guilford (Ret.) with Judicate West and continued negotiations over the course of nearly a month thereafter with Judge Guilford's assistance. *Id*. Third, the Settlement was not conditioned on any amount of attorneys' fees for Class Counsel or Service Award for Plaintiff, underscoring the fairness of the process. *Id*. For all these reasons, and as further described below, Plaintiff respectfully requests that the Court preliminarily approve the Settlement.

## II. BACKGROUND

### a. The Telephone Consumer Protection Act

The Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations were enacted by Congress and the Federal Communications Commission to "offer consumers greater protection from intrusive telemarketing calls…."[2] The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings). As a remedial statute that was passed to protect

---

[2]   FCC, Small Entity Compliance Guide for the TCPA (dated May 13, 2013), https://apps.fcc.gov/edocs_public/attachmatch/DA-13-1086A1.pdf.

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

consumers from unwanted automated telephone calls, the TCPA is construed broadly to benefit consumers. *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013).

### b. Procedural History and Facts

On January 7, 2020, Plaintiff filed the Complaint against First Team in this action asserting claims under the TCPA's autodialer and prerecorded voice call provisions (ECF 1). On February 4, 2020, First Team answered the Complaint (ECF 10). The parties then participated in a Rule 26 conference and prepared a joint scheduling report and discovery plan (ECF 15).

Thereafter, the parties engaged in extensive written discovery involving, among other things, Plaintiff serving and responding to written discovery, multiple, extended meet and confers through which the parties were able to resolve their discovery disputes without the need for motion practice, and Plaintiff's review of more than ten thousand pages of documents ultimately produced by Defendant. Kaufman Decl. ¶ 4. Plaintiff also engaged in extensive third-party discovery, resulting in, among other things, the production of tens of thousands of additional pages of electronic documents relevant to this action, including the call logs used to identify Settlement Class Members. *Id*. Additionally, Plaintiff took the depositions of one of Defendant's realtors and a managerial employee, and Defendant deposed Plaintiff and Plaintiff's expert. *Id*.

On July 28, 2020, Defendant filed a motion to stay this action pending the Supreme Court's ruling in *Facebook, Inc. v. Duguid*, No. 19-511 (U.S.), regarding what constitutes an automatic telephone dialing system under the TCPA (ECF 27). Defendant subsequently filed an ex parte motion to shorten the briefing schedule on the motion, which Plaintiff responded to, and the Court denied on August 3, 2020

3

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

(ECF 29-31). Defendant then filed a second ex parte application for stay, which was fully briefed and denied by the court on August 18, 2020 (ECF 32-36).

On September 21, 2020, Plaintiff filed his motion for class certification, attaching the expert report of Aaron Woolfson (ECF 42). Defendant responded on October 12, 2020 (ECF 49). On October 19, 2020, Plaintiff filed a reply in support of class certification (ECF 65). Kaufman Decl. ¶ 6.

On November 13, 2020, the Parties engaged in a full-day, contentious mediation with Central District of California Judge Andrew Guilford (Ret.). *Id.* at ¶ 7. The mediation did not result in settlement. However, the parties engaged in further settlement negotiations with the assistance of Judge Guilford over the course of the following weeks ultimately reaching an agreement in principle as to a class wide resolution, culminating in the Settlement Agreement. *Id.*

The Parties recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the litigation against Defendant through trial and potentially appeals. Kaufman Decl. ¶ 8. Plaintiff's counsel has taken into account the strength of Defendant's defenses, the limitations of Defendant's financial ability to pay a potential final judgment, difficulties in obtaining class certification and proving liability, the uncertain outcome and risk of the litigation, especially in complex actions such as this one, the inherent delays in such litigation, and, in particular, the risk that a change in the law, including a ruling by this Court concerning the constitutionality of the TCPA or a ruling by the Supreme Court or FCC regarding what constitutes an autodialer under the TCPA, could nullify Plaintiff's claims. *Id.*; *see Facebook*, No. 19-511; *Creasy v. Charter Communs., Inc.*, 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sep. 28, 2020) (finding that TCPA claims based on calls preceding the Supreme Court's ruling in *Barr v.*

4

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

1  *Am. Assn. of Political Consultants, Inc.*, 140 S. Ct. 2335, 591 U.S. ___, (July 6,

2  2020), are not actionable because the TCPA was unconstitutional until a 2015

3  amendment was severed in *Barr*). Plaintiff's counsel believes that the proposed

4  Settlement confers substantial and immediate benefits upon the Settlement Class

5  whereas continued and protracted litigation, even if successful, may have ultimately

6  delivered none. *Id*. Based on their evaluation of all these factors, Plaintiff and

7  Plaintiff's counsel have determined that the Settlement is in the best interests of

8  Plaintiff and the Settlement Class. *Id*.

9  ## III.   SUMMARY OF THE SETTLEMENT TERMS

10       The following provides a summary and discussion of the material terms of

11  the Settlement.

12       ### a.   <u>The Settlement Class</u>

13       The proposed Settlement establishes a Settlement Class of:

14  > All persons in the United States who from four years prior to the filing of this
15  > action through preliminary approval (1) one or more of First Team's realtors
   > called or texted, (2)(a) on their cellular telephone numbers using Vulcan7
16  > and/or RedX, and/or (b) on their cellular or landline telephone numbers using
   > a prerecorded voice message, (3) whose phone numbers First Team's realtors
17  > obtained from Vulcan7 and/or RedX, and (4) who are identified in the
   > Vulcan7 call logs and/or RedX call logs that have been produced in the
18  > action.

19  Excluded from the Settlement Class are: (1) the Judge presiding over this action (or

20  the Judge or Magistrate presiding over the action through which this matter is

21  presented for settlement), and members of their families; (2) the Defendant,

22  Defendant's respective subsidiaries, parent companies, successors, predecessors,

23  and any entity in which the Defendant or its parents have a controlling interest and

24  its current or former officers and directors; (3) persons who properly execute and

25

26

27                                        5

28  Plaintiff's Motion for Preliminary Approval of Class Action Settlement
   Case No. 8:20-cv-00027-JWH-ADS

file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s). Agreement at ¶ 1.1.36.

### b. <u>Settlement Consideration</u>

Pursuant to the Settlement Agreement, upon Preliminary Approval, Defendant will cause to be created a common fund in the amount of $478,500. The Settlement Fund will be used for payments for (a) Settlement Class Members, (b) administrative expenses, including notice, (c) Representative Plaintiff's attorneys' fees and costs, and (d) Representative Plaintiff's incentive award, if any. Agreement at ¶¶ 1.1.40 and 4.1.  Moreover, Defendant further agrees that it will internally distribute to its realtors a notice outlining the procedural requirements for TCPA compliance, including specifically with respect to the use of autodialer and prerecorded voice technology and compliance with the requirements of the National Do Not Call Registry, and the penalties for failure to comply with the TCPA.  A copy of the notice is attached as Exhibit D to the Agreement. Agreement at ¶ 4.3.

### c. <u>Settlement Administrator</u>

Pending this Court's approval, KCC will serve as the Settlement Administrator.   The Settlement Administrator's responsibilities include:   i. obtaining information for Settlement Class Members; ii. providing CAFA notice; iii. establishing and maintaining the Settlement Website; iv. providing direct mailed and publication Summary Notice; v. providing Long Form Notice through the Settlement Website; vi. receiving, evaluating, and processing Claim Forms; vii. advising Settlement Class Members if their Claim Forms are deficient; viii. providing reports about the Notice Plan and number and identity of opt-outs (if any) to Class Counsel; ix. responding to any Settlement Class Member inquiries; x. processing all opt-out requests from the Settlement Class; xi. performing the duties

6

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

described in the Agreement, and any other Settlement-administration-related function at the joint instruction of Class Counsel and Defendant; and xii. distributing claim payments to the Settlement Class Members that file Approved Claims, as detailed in the Agreement.  Agreement at §§ 7 and 8.

The anticipated notice and administration costs are approximately $73,000. Kaufman Decl. ¶ 9. Those costs are reasonable in light of the costs for, among other things, mailed notice, national publication notice, claim verification, and distribution of settlement funds to more than ten thousand Settlement Class Members. *Id*.

### d.  <u>The Notice Plan</u>

The Settlement Administrator will be responsible for administrating the Notice Plan. The Notice Plan consists of three different components: (1) direct mailed Summary Notice; (2) publication notice through targeted social media ads that link to the Class Settlement Website; and (3) Long-Form Notice to be provided on the Settlement Website. Agreement at § 7. The forms of the proposed Long-Form Notice and Summary Notice agreed upon by Plaintiff's Counsel and Defendant, subject to this Court's approval and/or modification, are attached to the Settlement Agreement as Exhibits B and C.

The Notice program is designed to provide the Settlement Class with important information regarding the Settlement and their rights thereunder, including a description of the material terms of the Settlement; a date by which Settlement Class Members may exclude themselves from or "opt-out" of the Settlement; a date by which Settlement Class Members may object to the Settlement; the process for submission of and a date by which a valid and timely Claim Form must be submitted; Class Counsel's fee application and/or the request

7

for a Service Award; the date of the Final Approval Hearing; and information regarding the Settlement Website where Settlement Class Members may access the Agreement and other important documents. The Notice Plan here is straightforward, easy to understand for Settlement Class Members, and designed to inform members of their rights under the Agreement. Kaufman Decl. ¶ 10.

The Settlement Administrator shall send direct notice within thirty (30) days after the Court enters the Preliminary Approval Order. The Settlement Administrator shall also publish the publication notice starting within thirty (30) days after the Court enters the Preliminary Approval Order.

### e. **Opt-Out and Objection Procedures**

Any Settlement Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator pursuant to the terms in the Settlement stating an intention to be "excluded" from this Settlement. This written request for exclusion must be sent by mail to the Settlement Administrator at the address set forth in the Notice and postmarked no later than the Opt-Out Deadline. Settlement Class Members who timely opt-out of the Settlement will preserve their rights to individually pursue any claims they may have against Defendant, subject to any defenses that Defendant may have against those claims. Agreement at ¶ 10.4.

Any objection to the Settlement Agreement, including any of its terms or provisions, must be in writing, and filed with the Court or mailed to the Clerk's Office. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear. Agreement at ¶ 10.2.

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

### f.  Release of Claims

In exchange for the Settlement consideration, Plaintiff and all Settlement Class Members, agree to the release as defined in paragraph 1.1.29 and section 9 of the Agreement.  The Released Claims are narrowly defined to the subject matter of this action and release only claims that were brought in the Litigation, arise from the telemarketing conduct alleged in the Complaint, or relate to the manner and making, or attempted making, of telemarketing calls or texts to Settlement Class Members by or on behalf of First Team and/or its realtors within the four years preceding January 7, 2020. Kaufman Decl. ¶ 11.

### g.  Claims Process and Calculation of Approved Claim Payments

Each member of the Settlement Class who does not timely opt-out from the Settlement shall be a Settlement Class Member and entitled to make a claim.  The form of the proposed Claim Form agreed upon by Class Counsel and Defendant, subject to this Court's approval and/or modification, is attached to the Settlement Agreement as Exhibit A.  Each Settlement Class Member shall be entitled to submit one claim per telephone number they used or subscribed to. Each Settlement Class Member who timely submits a valid Claim Form by the Claims Deadline shall be entitled to a single payment in an amount equivalent to his or her *pro rata* share of the Settlement Fund after any approved Fee Award, any approved Service Award, and Settlement Administration Expenses are deducted.  Each Settlement Class Member shall be entitled to receive an amount equal to the Settlement Class Recovery divided by the total number of Approved Claims. Agreement at § 4.

### h.  Distribution of Settlement Fund

Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all

9

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

Approved Claims by check made payable to the Settlement Class Member submitting each Approved Claim, and shall mail the checks. To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on a *pro rata* basis to Settlement Class Members who submitted an Approved Claim and who cashed their checks, if doing so is administratively and economically feasible. Agreement at ¶ 8.4.

> **i.  Class Counsel Fees and Expenses and Plaintiff's Service Award**

Defendant has agreed to pay from the Settlement Fund reasonable attorneys' fees and costs to Class Counsel and a Service Award to the Class Representative, in amounts approved by the Court. Agreement at §§ 5 and 6.

Class Counsel, on behalf of Representative Plaintiff, intends to petition the Court for an incentive award not to exceed $5,000.  In the event the Court approves the Settlement, but declines to award a Representative Plaintiff service award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and all Settlement Class Members. Agreement at § 5.

Class Counsel intends to apply to the Court for attorneys' fees totaling not more than one-third of the Settlement Fund ($159,500) and documented and reasonable expenses and costs incurred in the litigation.  Class Counsel's application for fees, expenses, and costs and the request for a service award shall be filed no later than thirty-five (35) days prior to the Opt-Out Deadline. In the event the Court approves the Settlement, but declines to award a Fee Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and the Settlement Class Members. Agreement at § 6.

10

The Court should consider whether to grant or deny these awards separate and apart from its consideration of the Settlement's fairness and reasonableness.

## IV.    THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### a.    <u>The Legal Standard for Preliminary Approval</u>

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. Fed. R. Civ. P. 23(e). As a matter of public policy, courts favor settlement of class actions for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources. *E.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). The policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See, e.g., id*.

Approval of a class action settlement is a two-step process. The Court's first step in the process of granting preliminary approval of a settlement is to determine that the proposed settlement class is appropriate for certification. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To certify a class, the plaintiff must demonstrate that the proposed class and proposed class representative meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1–4). Prior to formal class certification, a preliminary fairness determination is appropriate "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible

11

approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).[3]  Given that the Court will have the opportunity to weigh the settlement's strengths and weaknesses with more information at the final approval hearing, the preliminary approval hearing need not substitute for that level of review. *De Leon v. Ricoh USA, Inc.*, 2019 U.S. Dist. LEXIS 204442, at \*27 (N.D. Cal. Nov. 25, 2019).  In the second step, after notice to settlement class members and time and opportunity for them to object or otherwise be heard, the court considers whether to grant final approval of the settlement as fair and reasonable under Rule 23.

The Court should take the first step in the process and grant Preliminary Approval of the Settlement.  The Settlement is clearly within the range of reasonableness and satisfies all standards for preliminary approval.  In fact, the Settlement provides immediate and significant monetary and injunctive relief.

### b.  <u>The Settlement Satisfies the Criteria for Preliminary Approval</u>

Prior to formal class certification, a preliminary fairness determination is appropriate "if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *De Cabrera v. Swift Beef Co.*, No. EDCV 18-2551 PSG (Ex), 2020 U.S. Dist. LEXIS 164615, at \*13 (C.D. Cal. June 25, 2020); *Tableware*, 484 F. Supp. 2d at 1079; *see also Ross v. A.H. Robins Co.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) ("A strong initial presumption exists in favor of a proposed settlement where the proponents establish that: (i) the

---

[3] Internal citations omitted throughout.

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

1   settlement is not collusive …; (ii) the proponents have counsel experienced in

2   similar cases; (iii) there has been sufficient discovery ….").

3        Each of the relevant factors weighs heavily in favor of Preliminary Approval

4   of this Settlement. Kaufman Decl. ¶ 12. The Settlement was the result of serious,

5   informed, non-collusive negotiations, has no obvious deficiencies, and does not

6   improperly grant preferential treatment to any segments of the class. *Id.*

7              **i. The Settlement Agreement is the Product of Serious,**
                  **Informed and Arm's Length Negotiations**
8

9        First, the proposed Settlement is the product of serious, informed, non-

10  collusive negotiations. Settlements are generally found to be non-collusive when

11  reached with the assistance of a third-party neutral, *see, e.g., Boring v. Bed Bath &*

12  *Beyond of Cal. LLC*, 2013 U.S. Dist. LEXIS 165909, at *21 (N.D. Cal. Nov. 21,

13  2013), and are found to have been informed where the parties exchanged evidence

14  and information prior to negotiations. *See*, *e.g.*, *Moshogiannis v. Sec. Consultants*

15  *Grp., Inc.*, 2012 U.S. Dist. LEXIS 16287, at *14 (N.D. Cal. Feb. 8, 2012)

16  (approving settlement where "the parties conducted a significant amount of

17  informal discovery…"). Here, the Settlement was negotiated with the assistance of

18  Central District of California Judge Andrew Guilford (Ret.) over the course of

19  several weeks commencing with a full day mediation on November 13, 2020, and

20  only after the parties had nearly completed discovery and fully briefed class

21  certification. Kaufman Decl. ¶ 13.  Class Counsel also engaged and obtained

22  testimony from a data analysis and management and telecommunications systems

23  expert. *Id*. Class Counsel's understanding of the key issues driving the litigation,

24  including the likelihood of class certification (which was fully briefed and

25  scheduled for hearing only a couple days after the parties reached an agreement in

26

27                                    13
    Plaintiff's Motion for Preliminary Approval of Class Action Settlement
28  Case No. 8:20-cv-00027-JWH-ADS

principle), the strength of Defendant's defenses, and the ever-shifting TCPA law landscape, prepared them for well-informed settlement negotiations. *Id*.

The Settlement here is the result of extensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this case. *Id*. Class Counsel have extensive experience and expertise prosecuting complex class actions, and are particularly experienced in the litigation, certification, and settlement of nationwide TCPA class action cases. *Id*. at ¶¶ 14-18. Class Counsel zealously represented Plaintiff and the Settlement Class Members' interests throughout the litigation and will continue to do so. *Id*. at ¶ 19. The Settlement is therefore the result of serious, arm's-length, and informed negotiations justifying preliminary approval.

### ii. There Are No Obvious Deficiencies in the Settlement

The Settlement is reasonable and fair because it provides an excellent monetary result for Settlement Class Members and meaningful injunctive relief in return for a narrow release tailored to the conduct and claims presented in the action. Payments from the Settlement Fund that are not successfully delivered to claiming Settlement Class Members will be divided among other Settlement Class Members who do claim their initial distributions, if administratively feasible. While payments for attorneys' fees, expenses, and an incentive award for the class representative are to be paid from the Settlement Fund, the Settlement is not conditioned on any such award.

Additionally, the Settlement includes a comprehensive Notice Plan, which provides notice to Settlement Class Members of, among other things, the Settlement's Opt-Out and Objection provisions, as well as their right to file Claims. The Settlement also provides for a Settlement Administrator to coordinate notice to

14

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

the class, any requests for exclusion, and payments to Settlement Class Members upon Final Approval.

Accordingly, there are no obvious deficiencies in the Settlement, and preliminary approval is warranted. *See De Leon*, 2019 U.S. Dist. LEXIS 204442, at *31 (granting preliminary approval to class settlement after generally analyzing the settlement's terms and finding there were no obvious deficiencies).

### iii.   The Settlement Provides No Preferential Treatment

The Settlement provides no preferential treatment to any individual member of the proposed Settlement Class. Under the Settlement, everyone in the class is treated exactly the same: each class member seeking to recover a portion of the Settlement Fund must submit the same Claim Form, and each class member submitting a Valid Claim will receive the same *pro rata* distribution from the Settlement Fund.  While Plaintiff will be seeking from this Court an incentive award in recognition of the time and effort he spent acting as class representative – including by responding to written discovery, preparing for and testifying at his deposition, and participating in mediation and subsequent settlement negotiations (*see* Kaufman Decl. ¶ 20) – such awards are common and in no way preclude preliminary approval. *See, e.g.*, *Brown v. Cvs Pharmacy, Inc.*, No. CV15-7631 PSG (PJWx), 2017 U.S. Dist. LEXIS 182309, at *25 (C.D. Cal. Apr. 24, 2017).

### iv.   The Settlement Is Within the Range of Possible Approval

In evaluating the range of possible approval, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Tableware*, 484 F. Supp. 2d at 1080. Courts have determined that settlements may be reasonable even where plaintiffs recover only part of their actual losses. Courts recognize that the "essence of settlement is compromise," and a settlement need not

15

represent a complete victory for the plaintiffs to be approved. *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996). Although the TCPA provides for statutory damages of $500 for each violation, it is well-settled that a proposed settlement may be acceptable even though it amounts to only a small percentage of the potential recovery that might be available to the class members at trial. *See, e.g., National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (finding that it is "well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"). "The Court's function on this application is well known it is not to reopen and enter into negotiations with the litigants in the hope of improving the settlement to meet an objector's particular objections; nor is the Court called upon to substitute its business judgment for that of the parties who worked out a settlement after hard, arm's-length, good-faith bargaining. Rather, it is called upon to evaluate the probabilities of success upon a trial and to compare the benefits thereof with the terms of compromise." *Kuck v. Berkey Photo, Inc.*, 87 F.R.D. 75, 78 (S.D.N.Y. 1980).

Here, the substantial monetary relief on a per Settlement Class Member basis and the injunctive relief agreed to by Defendant place the Settlement well within the range of possible approval. Kaufman Decl. ¶ 21. Defendant will pay $478,500 into a common settlement fund to resolve this matter. This amount is significant (especially for the size and financial capacity of Defendant), and exceeds the range of similar settlements. *Id*. Given the anticipated Class Member participation rate, the per Class Member recovery is expected to be $50 or more. *Id*.; *see Cabiness v. Educ. Fin. Sols., LLC*, 2019 U.S. Dist. LEXIS 50817, at *12 (N.D. Cal. Mar. 26, 2019) (approving settlement providing $33.36 per claimant); *Estrada v. iYogi, Inc.*,

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

2015 U.S. Dist. LEXIS 137299, at *19 (E.D. Cal. Oct. 6, 2015) ($40); *In re Capital One TCPA Litig*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) ($34.60).

Ultimately, any settlement requires the parties to balance the merits of the claims and defenses asserted against the risks of continued litigation and attendant delay. Kaufman Decl. ¶ 22. Plaintiff and Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to trial. *Id*. Defendant denies any liability and is willing to litigate vigorously. *Id*. The Parties recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through trial and potentially appeals. *Id*. Plaintiff's counsel also has taken into account the strength of Defendant's defenses, Defendant's financial capacity, difficulties in obtaining class certification and proving liability, the uncertain outcome and risk of litigation, especially in complex actions such as this one, the inherent delays in such litigation, and, in particular, the risk that a change in TCPA law, including a ruling by this Court that the TCPA was unconstitutional or an unfavorable interpretation by the Supreme Court or FCC regarding what constitutes an autodialer, could itself defeat Plaintiff's claims in whole or in part. *Id*. Plaintiff's counsel believes that the proposed Settlement confers substantial and immediate monetary and non-monetary benefits upon the Settlement Class. *Id*. Based on their evaluation of all these factors, Plaintiff and Plaintiff's counsel have determined that the Settlement is in the best interests of Plaintiff and the Settlement Class, who otherwise may have received nothing. *Id*.

The settlement in the present case satisfies each of the four factors generally considered by courts in this district on preliminary approval.  Therefore, this Court

17

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

should – consistent with the Ninth Circuit's strong judicial policy favoring settlement – preliminarily approve the Settlement Agreement.

### c. <u>Certification of the Settlement Class is Appropriate</u>

Certification under Rule 23(a) of the Federal Rules of Civil Procedure requires that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Under Rule 23(b)(3), certification is appropriate if the questions of law or fact common to the members of the class predominate over individual issues of law or fact and if a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For settlement purposes, Plaintiff and Class Counsel respectfully request that the Court certify the Settlement Class defined in paragraph 1.1.36 of the Agreement. "[T]he 'settlement only' class has become a stock device in modern class action litigation." *In re American Int'l Group, Inc. Secs. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

Certification of the proposed Settlement Class will allow notice of the Settlement to issue to inform Settlement Class Members of the existence and terms of the Settlement, of their right to object and be heard on its fairness, of their right to opt-out, and of the date, time and place of the Final Approval Hearing. *See Manual for Compl. Litig.*, at §§ 21.632, 21.633 (4th ed. 2004). For the reasons set forth below, certification is appropriate under Rule 23(a) and (b)(3).

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of more than 30,000 persons identifiable from the call logs produced by third parties in discovery, and joinder of all Settlement Class Members is impracticable. Kaufman Decl. ¶ 23; *see* Fed. R. Civ. P. 23(a)(1).

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted). Here, the commonality requirement is readily satisfied. Kaufman Decl. ¶ 24. There are multiple questions of law and fact that are common to the Settlement Class that would generate common answers, and as discussed in detail in Plaintiff's motion for class certification. *Id*. These questions are directly guided by Plaintiff's claims, Defendant's defenses, and are subject to class wide resolution based on common evidence, including whether First Team agents made prerecorded voice calls; whether the Vulcan7 and RedX dialers are automatic telephone dialing systems; whether the calls were made for telemarketing purposes; whether the calls were made without prior express written consent; and whether First Team is vicariously liable under a ratification theory for First Team agents' TCPA violations. *Id*.; *see also* Plaintiff's motion for class certification (ECF 42).

For similar reasons, Plaintiff's claims are reasonably coextensive with those of the absent class members, such that the Rule 23(a)(3) typicality requirement is satisfied. The typicality requirement ensures that "the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover*

19

*N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Typicality is present when a defendant acts uniformly toward the class members, where that uniform conduct results in injury to the class members, and where the named plaintiff suffers a similar injury to that of the class members as a result. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiff is typical of the Settlement Class Members because his claims and the class's claims arise from First Team's single course of conduct and are based on the same legal theories. Plaintiff has the same TCPA claims as all other Settlement Class Members who were called or texted by First Team realtors using Vulcan7 and/or RedX.

Plaintiff and Class Counsel also satisfy the adequacy of representation requirement. Adequacy under Rule 23(a)(4) requires (1) a plaintiff's attorney to be qualified, experienced, and generally able to conduct the proposed litigation; and (2) a plaintiff to not have interests antagonistic to those of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Plaintiff has no antagonistic or conflicting interest with the members of the proposed class. To the contrary, he has demonstrated his commitment to the class by actively participating in the litigation. He has worked with counsel to develop the class claims, responded to requests for production and interrogatories, and was deposed. Kaufman Decl. ¶ 25. Further, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel who have extensive experience and expertise prosecuting complex class actions, and TCPA class actions, in particular. *Id.* at ¶¶ 14-18; *see Ikuseghan v. Multicare Health Sys.*, No. C 14-5539 BHS, 2015 U.S. Dist. LEXIS 99175, at *15 (W.D. Wash. July 29, 2015) (finding adequacy satisfied where plaintiff's counsel served as counsel "in other class action lawsuits, including a previous TCPA case"). Class Counsel have vigorously litigated this action and will

20

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

continue to vigorously prosecute this matter through completion. Kaufman Decl. at ¶ 19.

Rule 23(b)(3)'s predominance requirement tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Torres v. Mercer Canyons, Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). The Settlement Class readily satisfies the Rule 23(b)(3) predominance requirement because the questions common to all Settlement Class Members – including the key issue of whether First Team is vicariously liable under a ratification theory for First Team agents' TCPA violations – focus on Defendant's conduct and can be resolved based on common evidence, including Defendant's records, Defendant's employees' and realtors' testimony, and Plaintiff's expert's testimony.

Relatedly, the Settlement Class satisfies Rule 23(b)(3)'s superiority requirement because "common issues of law and fact predominate over any individualized issues" and "the large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating" Plaintiff's "claims under the TCPA." *See* Kaufman Decl. ¶ 24; *see Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694, 702 (S.D. Fla. 2018).

For these reasons, the Court should certify the Settlement Class.

### d. <u>The Court Should Approve the Proposed Notice Plan</u>

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule

21

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Litig.*, § 21.312.  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Manual for Compl. Litig.*, § 21.312.

The Notice program satisfies this standard. As recited in the Settlement and above, the Notice Program will inform Settlement Class Members of the substantive terms of the Settlement. It will advise Settlement Class Members of their options for remaining part of the Settlement, for objecting to the Settlement or Class Counsel's attorneys' fee application or request for Service Award, for opting-out of the Settlement, for submitting a claim, and for obtaining additional information about the Settlement. Through the provision of (1) the Summary Notice, both directly by mail and by publication, to account for any Settlement Class Members for which a mailing address is not identified, and (2) the Long Form Notice, which can be accessed on the Settlement Website, the Notice Plan is designed to reach a high percentage of Settlement Class Members and exceeds the requirements of Constitutional Due Process. Kaufman Decl. ¶ 10. Therefore, the Court should approve the Notice Program and the form and content of the Notices.

## V.    PROPOSED SCHEDULE OF EVENTS

In connection with Preliminary Approval of the Settlement, the Court should also set a date and time for the Final Approval Hearing. Other deadlines in the Settlement approval process, including the deadlines for requesting exclusion from the Settlement Class or objecting to the Settlement, will be determined based on the date of the Final Approval Hearing or the date on which the Preliminary Approval Order is entered.  Class Counsel propose the following schedule:

22

| Event | Date |
|-------|------|
| Notice Date | No more than 30 days after Preliminary Approval |
| Deadline for filing papers in support of Class Counsel's application for an award of attorneys' fees and expenses | No less than 35 days prior to Opt Out Deadline |
| Claims Deadline | Approximately 60 days after the Notice Date |
| Opt-out Deadline | Approximately 60 days after the Notice Date |
| Deadline for filing Motion for Final Approval | No less than 15 days prior to the Final Approval Hearing |
| Responses to Objections | No less than 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | Approximately 120 days after entry of Preliminary Approval and no less than 90 days after entry of Preliminary Approval |

## VI.   CONCLUSION

Based on the foregoing, Plaintiff and Class Counsel respectfully request that the Court:

(1) grant Preliminary Approval to the Settlement;

(2) preliminarily approve the terms of the Settlement as within the range of fair, adequate and reasonable;

(3) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only;

(4) approve the Notice Plan and approve the form and content of the Notices of the Settlement;

(5) approve the Claims process;

23

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS

(6) approve the procedures for members of the Settlement Class to exclude themselves from the Settlement or to object to the Settlement;

(7) appoint Plaintiff as Class Representative;

(8) appoint Plaintiff's counsel, Rachel E. Kaufman and Avi R. Kaufman of Kaufman P.A., as Class Counsel; and

(9) schedule a Final Approval hearing, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs, and expenses and a service award to the Class Representative.

A Proposed Preliminary Approval Order is attached hereto as Exhibit 3.

Respectfully submitted,

Dated: February 5, 2021          */s/ Rachel E. Kaufman*
                                 Rachel E. Kaufman
                                 Avi R. Kaufman
                                 KAUFMAN P.A.
                                 400 NW 26th Street
                                 Miami, Florida 33127
                                 Telephone: (305) 469-5881
                                 Email: kaufman@kaufmanpa.com
                                 *Counsel for Plaintiff Lalli and all others similarly situated*

24

Plaintiff's Motion for Preliminary Approval of Class Action Settlement
Case No. 8:20-cv-00027-JWH-ADS