JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMJIT LALLI, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>FIRST TEAM REAL ESTATE— ORANGE COUNTY, a California Corporation,<br><br>  Defendant. | Case No. 8:20-cv-00027-JWH-ADS<br><br>**JUDGMENT** |

Pursuant to the "Order Granting Motion for Service Award and Class Counsel Fees and Expenses [ECF No. 78] and Motion for Final Approval of Class Action Settlement [ECF No. 79]" entered substantially contemporaneously herewith, and in accordance with Rule 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

2. The proposed settlement as reflected in the Settlement Agreement is **APPROVED**.

3. The following Settlement Class is **CERTIFIED**:

   all persons in the United States who from four years prior to the filing of this action through preliminary approval (1) one or more of First Team's realtors called or texted, (2)(a) on their cellular telephone numbers using Vulcan7 and/or RedX, and/or (b) on their cellular or landline telephone numbers using a prerecorded voice message, (3) whose phone numbers First Team's realtors obtained from Vulcan7 and/or RedX, and (4) who are identified in the Vulcan7 call logs and/or RedX call logs that have been produced in the action.

4. Plaintiff Paramjit Lalli is **APPOINTED** as the representative of the settlement class.

5. Lalli is **AWARDED** $5,000.00 as a service award for serving as class representative.

6. Class Counsel are **AWARDED** attorneys' fees in the amount of $143,550.00 and the reimbursement of litigation expenses in the amount of $47,582.69.

7. The payment of attorneys' fees and the reimbursement of expenses to Class Counsel and the service award in this Action are **DIRECTED** be made from the Settlement Fund, and the Released Parties as described in the Settlement Agreement shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses and the service award. The Released Parties' only and total liability is the Settlement Fund.

8. The Settlement Agreement is **APPROVED** as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; the Parties and their counsel are **DIRECTED** to implement and consummate the Agreement according to its terms and provisions; and the Agreement is **DECLARED** to be binding on, and to have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties.

9. The Parties are **DIRECTED** to implement and to consummate the Agreement, including taking all actions required under the terms and provisions of the Settlement Agreement.

10. To the extent permitted by law and without affecting the other provisions of this Judgment, this Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the claims released under the Settlement Agreement.

11. All persons who are Settlement Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

12. The Court shall retain continuing jurisdiction over this action as to the following matters:

    a. the enforcement of the terms of the Settlement Agreement;

    b. issues relating to settlement administration; and

    c. the enforcement of this Judgment and any order relating to attorneys' fees or class representative award.

13. Other than potential post-judgment remedies, to the extent that any party requests any other form of relief, such request is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 6, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE